DONALD SYMINGTON and Others, Copartners, Doing Business under the Firm Name and Style of SYMINGTON, HOFFMAN & Co., Respondents, *v.* A. STROUD HAXTON, Appellant.

First Department, February 4, 1921.

Pleadings — action for breach of warranty under contract of sale — allegations in complaint as to nationality and non-residence of defendant immaterial — motion by defendant to strike out such allegations.

In an action for breach of warranty under a contract of sale, allegations in a separate paragraph of the complaint that " the defendant was and still is a British subject and a non-resident of the State of New York " are immaterial and should be stricken out on motion by the defendant, although he is under no obligation either to admit or deny them, for he might be prejudiced by permitting such allegations to remain in the pleadings as they might be referred to by counsel during the trial or in some manner brought to the attention of the jury.

APPEAL by the defendant, A. Stroud Haxton, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of November, 1920, denying his motion to strike from the complaint an allegation with respect to his residence and citizenship.

*Harry Bijur* [*Harold H. Herts* with him on the brief; *Bijur & Herts*, attorneys], for the appellant.

*Laurence A. Sullivan* [*Harrington, Bigham & Englar*, attorneys], for the respondents.

LAUGHLIN, J.:

This is an action to recover $100,000 for a breach of warranty under a contract between the parties by which certain personal property was sold and delivered by the defendant to the plaintiffs for $350,000. In paragraph 1 of the complaint it is alleged that the plaintiffs were copartners and the only allegations in paragraph 2 of the complaint are that the defendant was and still is a British subject and a non-resident of the State of New York. The defendant moved to strike out paragraph 2 and the motion was denied on the ground that all of the allegations of the paragraph are immaterial and that, therefore, the defendant is under no obligation either to admit or deny them and on that theory is not prejudiced. This we regard as bad practice. Doubtless the learned court was right in expressing an opinion that the defendant is not obliged to answer these allegations; but he is entitled to have such immaterial allegations stricken out and should not be subjected to the risk of determining at his peril whether or not they may be deemed material or immaterial by the trial court and if deemed material not denied or whether or not he may be prejudiced thereby. Moreover, it is perfectly plain that these allegations, which are set forth not inadvertently but in a special paragraph were inserted in the complaint for an ulterior purpose and in the hope that the plaintiffs may obtain some undue benefit or advantage thereby through possible prejudice or bias on the part of one or more jurors. Since the pleadings are before the court without being formally offered in evidence, it is manifest that the defendant might be prejudiced by permitting such allegations to remain in the pleadings for they might be referred to by counsel during the trial or in some manner be brought to the attention of the jury. They have no bearing on the issues in the case and are wholly immaterial thereto and should, therefore, have been stricken out. (*Howard* v. *Breitung*, 172 App. Div. 749; *Bulova* v. *Barnett, Inc.*, 193 id. 161.) It was no more proper to incorporate them in the complaint than to have specified the defendant's religion or lack of religion or to have incorporated any other allegations calculated and intended to give plaintiffs undue benefit or advantage, not on the merits of their case, but through a possible prejudice that might be

aroused by such allegations. In *Zobel Company* v. *Canals* (188 App. Div. 231) we reversed a judgment on the ground that a question was asked with respect to the citizenship of a material witness for a party calculated and intended to convey the impression that the witness was a citizen of a country with which our country was at war. The order should, therefore, be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Motion to dismiss appeal denied.